**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIASET GOMEZ-CARRERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | : | Civil No. 1:26-CV-02367<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Eliaset Gomez-Carrero. (Doc. 1.) Because Petitioner has been removed from the United States, the court finds that his petition is moot and will be dismissed.

On August 18, 2026, Petitioner filed this petition for writ of habeas corpus against the Warden of Pike County Correctional Facility ("Respondent"). (Doc. 1.) He argues that his continued detention violates his due process rights. (*Id.*) Petitioner also filed an emergency motion for immediate return to Pike County Correctional Facility on August 20, 2026, following his transfer from that facility. (Doc. 4.) The court has not ruled on that motion.

Respondent filed a response on September 2, 2026, and Petitioner filed a traverse on September 15, 2026. (Docs. 9, 10.) Petitioner then filed two additional motions arguing that Respondent violated the court's order by not returning him to

Pike County Correctional Facility.[1] (Docs. 11, 12.) On October 14, 2026, the court requested an update from Respondent on Petitioner's status as Respondent previously advised that Petitioner was scheduled to be removed from the United States on September 23, 2026. (Doc. 13.) The next day, Respondent advised the court that Petitioner was removed from the United States on October 13, 2026. (Doc. 14, p. 1; Doc. 14-1.)[2] Respondent submits that the petition is now moot and should be dismissed. (Doc. 14, p. 2.)

Generally, a petition for habeas corpus becomes moot when the petitioner is released from custody before the petition has been addressed on the merits. *DeFoy v. McCullough*, 393 F.3d 439, 441 (2005) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)). This is so because for a case or controversy to exist, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, even if Petitioner was successful on the merits of his petition, there is no action to be redressed by this court since Petitioner was removed, and he is no longer detained in the United States.

[1] The court notes that it has not issued any such order in this case.

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

For this reason, the petition is moot and will be dismissed. The court will also deny Petitioner's motions as moot. (Docs. 4, 11, 12.)

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 16, 2026